IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHUNZHI XIE and
BOBA TEA CREW, LLC,

    Plaintiffs,

        v.

JIZHONG WU, BOBA CREW, LLC, and
BOBA TEA CREW WILLAMETTE, LLC,

    Defendants.

———————————————————————

JIZHONG WU, BOBA CREW, LLC, and
BOBA TEA CREW WILLAMETTE, LLC,

    Third-Party Plaintiffs
    and Counter Claimants,

        v.

CHUNZHI XIE, MEIYI LIN, ISAAC XIE,
BOBA TEA CREW, LLC, FROSTED
SPHERES ICE CREAM, LLC, BOBA ARENA,
LLC, and LY ACCOUNTING AND TAX
SERVICE, LLC,

    Third-Party Defendants
    and Counter Defendants.

———————————————————————

Case No. 6:22-cv-01488-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

    Today, the Court considers whether a pro se defendant's filing of a third-party crossclaim warrants the imposition of sanctions for bad faith conduct. The controversy arises out of a failed

1 – OPINION AND ORDER

boba tea business partnership between Plaintiffs Chunzhi Xie and Boba Tea Crew, LLC (collectively, "Xie"); and Defendants Jizhong Wu, The Boba Crew, LLC, and Boba Tea Crew Willamette, LLC (collectively, "Wu").

In an earlier order, the Court dismissed Wu's crossclaim against third-party defendant Ly Accounting and Tax Service, LLC ("Ly Accounting") for failure to state a plausible claim. Op. & Order 12, ECF No. 46. Claiming bad faith, Ly Accounting now asks the Court to sanction Wu and to award Ly Accounting the legal costs incurred by opposing Wu's crossclaim. Ly Mot. for Att'y Fees, ECF No. 53 ("Ly Mot."). Wu, who recently obtained counsel, was proceeding pro se during the litigation of the crossclaim with Ly Accounting. Because the Court finds that Mr. Wu's conduct did not warrant bad faith, Ly Accounting's Motion for Attorney's Fees is DENIED.

## BACKGROUND

Xie and Wu hired Ly Accounting as the accounting firm for their boba tea business partnership.[1] Ly Mot. Ex. 2, at ¶ 3. Xie had previously used Ly Accounting's services for his boba tea shops that predated his partnership with Wu. Ly Mot. Ex. 2, at ¶ 3. To separate his business ventures, Xie instructed Ly Accounting not to provide Wu with any documentation that predated their boba tea business partnership. Ly Mot. Ex. 2, at ¶¶ 5–6.

In October 2020, Ly Accounting terminated its relationship with the Xie and Wu partnership after Xie initiated a lawsuit against Wu. Ly Mot. Ex. 2, at ¶ 4. Wu filed his Answer

---

[1] The Court outlined the relevant background about Xie and Wu's partnership (and its subsequent deterioration) in its previous opinion granting Xie and Ly Accounting's Motions to Dismiss. Op. & Order 3–4. As the parties are familiar with those facts, the Court will omit them from this background section.

2 – OPINION AND ORDER

to Xie's lawsuit on November 18, 2022, and included a crossclaim against Ly Accounting for a loss of tax credits and accounting records. Wu Answer 23, ECF No. 14. Specifically, Wu alleged Ly Accounting had amended tax forms without Wu's consent, continued to prepare financial statements after Wu terminated its services, withheld tax documents from Wu, and intentionally submitted false tax returns to the IRS. *Id.*

On December 5, 2020, Wu made an agreement with Ly Accounting in which Wu would remove Ly Accounting as a third-party defendant, and Ly Accounting would provide Wu with the "source documents" [2] he requested. Wu Decl. Ex. 1, at 1, ECF No. 31. Wu filed his First Amended Answer and omitted his claim against Ly Accounting later that day. *See* First Am. Answer, ECF No. 17 ("Wu FAA"); Wu Decl. Ex. 1, at 2.

On December 6, 2020, Wu attempted to pick up the "source documents" from Ly Accounting. Wu Decl. Ex. 1, at 3–4. Believing the requested documents predated Wu's partnership with Xie, Ly Accounting offered Wu documents whose release would comply with Xie's instructions. Ly Mot. Ex. 2, at ¶ 5; Wu Decl. Ex. 1, at 4. The next day, Wu—on belief that Ly Accounting had broken their agreement and withheld the "source documents" from him— filed his Second Amended Answer by rejoining Ly Accounting as a third-party defendant. Second Am. Answer, ECF No. 18 ("Wu SAA").[3]

---

[2] Although unclear exactly what Wu refers to as the "source documents," the Court does not need further understanding beyond that they were used, or are used, to generate financial forms. No additional resolution about the utility of the "source documents" is needed to rule on this motion.

[3] On December 8, 2020, Wu filed a Motion to Leave in which he retracted his Second Amended Answer and asked for the Court's leave to file. Wu. Mot. to Leave 2, ECF No. 20. Generally, a party may amend its pleading once as a matter of course. But to amend a second time, a party must obtain the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). The Court granted Wu's Motion for Leave on January 3, 2023, and Wu timely filed his Second Amended Answer on January 9, 2023. ECF No. 33.

3 – OPINION AND ORDER

After Xie and Ly Accounting separately moved to dismiss Wu's respective counterclaims and crossclaims, the Court granted both motions on June 12, 2023. Xie Mot. to Dismiss, ECF No. 35; Ly Mot. to Dismiss, ECF No. 38; Op. & Order, ECF No. 46. The Court allowed Wu one final opportunity to amend his Answer and "highly recommend[ed] that Wu obtain counsel to assist in his defense and assertion of plausible counterclaims." Op. & Order 12. Wu subsequently obtained counsel and filed a timely answer which omitted any claims against Ly Accounting. *See* Wu Third Am. Answer, ECF No. 47 ("TAA"). Xie and Wu still have pending claims against each other at the time of this opinion.

Ly Accounting now requests this Court enter an order awarding attorney's fees to Ly Accounting against Wu for bad faith conduct prior to and during litigation. Ly Mot. 2.

**STANDARDS**

Although the so-called "American Rule" prohibits fee shifting in most cases, a court may assess attorney's fees when a party has acted in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Attorney's fees are just one of a "broad array of options" a district court has at its disposal to sanction parties or attorneys for improper conduct. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). Courts derive their authority to sanction attorneys and parties from 28 U.S.C. § 1927, which addresses "conduct that unreasonably and vexatiously multiplies the proceedings," and the court's inherent power, which addresses the willful or bad faith conduct of litigation. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The court is not required to consider all available sanctions and may, "in its informed discretion, rely on inherent power rather than the federal rules or § 1927." *Id.* at 994.

1. **18 U.S.C. § 1927**

§ 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). Under § 1927, "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added).

A court's assessment of § 1927 "sanctions must be supported by a finding of subjective bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Bad faith "is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*. "A frivolous case is one that is groundless with little prospect of success; often brought to embarrass or annoy the defendant." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (cleaned up) (citation and quotation marks omitted), *opinion amended on denial of reh'g*, 326 F.3d 1028 (9th Cir. 2003).

2. **The Court's Inherent Power**

Additionally, federal courts inherently possess "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citation and quotation marks omitted). District courts may punish conduct "before the court as well as actions beyond the court's confines, regardless of whether that conduct interfered with courtroom proceedings." *Am. Unites for Kids v. Rousseau*, 985 F.3d

1075, 1088 (9th Cir. 2021). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power" if a party has acted in bad faith. *See Chambers*, 501 U.S. at 45.

"Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

## DISCUSSION

Ly Accounting alleges that Wu acted in bad faith by making repeated third-party claims against Ly Accounting without evidence.[4]

### 1. Sanctions Against Pro Se Parties

As a threshold matter, Wu's pro se status does not preclude him from sanctions. The Ninth Circuit has repeatedly affirmed the Court's discretion to levy against pro se parties for bad faith conduct. *See e.g. Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) (upholding sanctions imposed on a pro se plaintiff under § 1927); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (explaining a court cannot "decline to impose any sanction . . . simply because the plaintiff is proceeding *pro se*.") (italics in original). But because the Court has "wide discretion in crafting a sanctions award[,]" a party's pro se status is relevant when making a bad faith determination. *See Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 n.12 (9th Cir.

---

[4] Ly Accounting also alleges that Wu's bad faith conduct includes an email Wu sent to Xie, Xie's son, and Ly Accounting accusing the firm of "committing fraudulent accounting practice" [sic] in exchange of profiting $300 a month." Ly Mot. Ex. 1, at 4. Ly Accounting also alleges that Wu "sent several text messages to Ly Accounting's CPA and made threats of lawsuit." *Id*. These emails and text messages have never been submitted to the record. Ly Accounting's CPA, in her declaration supporting Ly Accounting's motion, references a similar email sent by Wu. But this absence of evidence cannot support a finding of bad faith. As such, the Court will only consider whether Wu's claims were filed in bad faith.

6 – OPINION AND ORDER

2012); *see also McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987) ("[C]ourts are to make reasonable allowances for pro se litigants and to read pro se papers liberally. The analysis, therefore, includes the possibility of the court imposing sanctions based on its inherent powers.").

2.  **Absence of Bad Faith Conduct**

Despite Ly Accounting's assertion that Wu filed third-party claims against it without any evidence, the Court is unable to find evidence that Wu proceeded in bad faith. Under the Ninth Circuit's definitions of bad faith, Ly Accounting has not demonstrated why Wu filed a frivolous claim unreasonably or vexatiously, or why Wu brought his claim to harass Ly Accounting.

In the Court's view, the record, at most, establishes that Wu was a confused pro se claimant who simply tried to comply with the procedural rules of filing a crossclaim in federal court. Wu filed a claim against Ly Accounting in his Answer, he withdrew his claim in his First Amended Answer on the belief he would receive the "source documents," and he only reinstated the claim in his Second Amended Answer after he did not receive the documents per his agreement with Ly Accounting's counsel. The emails between Wu and Ly Accounting's counsel demonstrate that Wu was willing to drop his claim against Ly Accounting but refiled after he felt opposing counsel misled him. *See* Wu Decl. Ex. 1, at 1.

The Court recognizes that "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). Although we dismissed Wu's claims against Ly Accounting because he failed to meet the pleading standards required under the Federal Rules, our order did not suggest, explicitly or implicitly, that Wu's claim was frivolous. *See* Fed. R. Civ. P. 12(b)(6). On the contrary, the Court

7 – OPINION AND ORDER

recommended that Wu obtain counsel to assist in his defense and assertion of plausible counterclaims. Op. & Order 12.

Because Wu's conduct does not warrant bad faith, the Court will not impose sanctions under its statutory authority nor its inherent powers.

## CONCLUSION

For the above reasons, Ly Accounting's motion, ECF No. 53, is DENIED.

IT IS SO ORDERED.

DATED this 4th day of October, 2023.

                                                                        _s/Michael J. McShane_____
                                                                          Michael McShane
                                                                 United States District Judge